**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3716-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JEROME ANDERSON,

     Defendant-Appellant.

_____

Submitted November 4, 2021 – Decided November 17, 2021

Before Judges Haas and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 14-06-1562.

Joseph E. Krakora, Public Defender, attorney for appellant (Kisha M. Hebbon, Designated Counsel, on the brief).

Theodore Stephens II, Acting Essex County Prosecutor, attorney for respondent (Caroline C. Galda, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jerome Anderson appeals from the January 10, 2020 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

In June 2014, an Essex County grand jury charged defendant in a nine-count indictment with first-degree conspiracy to commit murder, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:11-3(a)(1) (count one); first-degree murder, N.J.S.A. 2C:11-3(a)(1) (count two); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count three); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count four); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(3) (count five); third-degree receiving stolen property, N.J.S.A. 2C:20-7(a) (count six); fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2) (count seven); first-degree carjacking, N.J.S.A. 2C:15-2(a)(2) (count eight); and second-degree eluding law enforcement, N.J.S.A. 2C:29-2(b) (count nine).

Two years later, defendant pled guilty to first-degree aggravated manslaughter under an amended count two, and to counts three, five, eight, and nine of the indictment. Pursuant to the negotiated plea agreement, the State agreed to dismiss the remaining charges.

A-3716-19

Judge Martin G. Cronin later sentenced defendant in accordance with his plea agreement to prison terms of ten years subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, on count two; seven years subject to forty-two months of parole ineligibility on count three; seven years subject to NERA on count five; ten years subject to NERA on count eight; and seven years on count nine. The judge ordered that the sentence on count eight run consecutively to the sentences he imposed on counts two, three, and five. Thus, defendant's aggregate term was twenty years.

On direct appeal, defendant challenged the court's decision to impose consecutive sentences, and we considered the matter on our Excessive Sentence Oral Argument calendar pursuant to Rule 2:9-11. In a December 3, 2018 order, we affirmed defendant's sentence after determining it was "not manifestly excessive or unduly punitive and [did] not constitute an abuse of discretion."

Defendant filed a timely PCR petition raising three contentions, which he repeats on appeal. First, defendant alleged his trial attorney provided him with ineffective assistance because he did not argue against the imposition of consecutive sentences. Defendant next argued his attorney should have filed a motion to suppress the statement he gave to the police because he "was very tired" during the approximately seventy-five-minute interview. Finally,

defendant asserted his attorney failed to advise him of the elements of the crime of carjacking and, therefore, he did not know he "had a defense to this charge."

Following oral argument, Judge Cronin rendered a thorough oral decision concluding that defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different. Judge Cronin ruled that defendant's consecutive sentence argument was barred by Rule 3:22-5, which states that "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any [PCR] proceeding brought pursuant to this rule or . . . in any appeal taken from such proceedings." In our December 3, 2018 order, we found that the imposition of the consecutive sentences was not an abuse of discretion. Moreover, even if defendant's attorney should have made a contrary argument at the time of sentencing, defendant could not satisfy the second Strickland prong because the result would not have been different.

Judge Cronin also rejected defendant's argument that his attorney was ineffective because he failed to file a Miranda[1] motion challenging the

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

admissibility of his statement to the police. Where, as here, a defendant asserts his attorney was ineffective by failing to file a motion, he must establish that the motion would have been successful. "It is not ineffective assistance of counsel for defense counsel not to file a meritless motion . . . ." State v. O'Neal, 190 N.J. 601, 619 (2007).

Judge Cronin found that defendant did not meet this standard because the record reflected the police properly advised defendant of his Miranda rights. Defendant orally waived those rights, signed an appropriate waiver form, and acknowledged during his statement that he was speaking voluntarily. The interview only lasted seventy-five minutes. While defendant claimed in his PCR certification that he was "tired," the judge found nothing in these circumstances indicating defendant's will was overborne. Thus, the judge concluded a suppression motion would not have been successful.

Judge Cronin determined that defendant's argument about his lack of knowledge concerning the elements of the carjacking charge also lacked merit. The judge noted that defendant admitted at the plea hearing that he understood "what that crime [of carjacking] means." Defendant also provided a factual basis for his guilt of the offense by stating he threatened the occupant of the car with

bodily harm in order to take it from the victim. Thus, defendant was unable to satisfy either Strickland prong.

On appeal, defendant raises the following contentions:

POINT I

THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT'S PETITION FOR POST[-]CONVICTION RELIEF WAS PROCEDURALLY BARRED BECAUSE THE EXCESSIVE SENTENCE ARGUMENT RAISED IN THE PETITION WAS ALREADY ADJUDICATED ON DIRECT APPEAL.

POINT II

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HIS CONTENTION THAT HE WAS DENIED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL DUE TO TRIAL COUNSEL'S FAILURE TO CHALLENGE THE ADMISS[I]BILITY OF DEFENDANT'S STATEMENT, TO CHALLENGE THE CARJACKING COUNT, AND TO CHALLENGE THE COURT'S IMPOSITION OF A CONSECUTIVE SENTENCE.

A. The Prevailing Legal Principles Regarding Claims Of Ineffective Assistance Of Counsel, Evidentiary Hearings And Petitions For Post[-]Conviction Relief.

B. Trial Counsel Rendered Ineffective Legal Representation By Virtue Of His Failure To

6

Challenge The Admissibility of Defendant's Statement.

C.   Trial Counsel Rendered Ineffective Legal Representation By Virtue Of His Failure To Challenge The Carjacking Count.

D.   Trial Counsel Rendered Ineffective Legal Representation By Virtue Of His Failure to Challenge The Court's Imposition Of A Consecutive Sentence.

E.   Defendant Is Entitled To A Remand To The Trial Court To Afford Him An Evidentiary Hearing To Determine The Merits Of His Contention That He Was Denied The Effective Assistance Of Trial Counsel.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief.  State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992).  To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision."  State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel."  State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).  Rather, trial courts should grant

evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. Preciose, 129 N.J. at 462.

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987). There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

Having considered defendant's contentions in light of the record and the applicable law, we affirm the denial of defendant's PCR petition substantially for the reasons detailed at length in Judge Cronin's oral opinion. We discern no

abuse of discretion in the judge's consideration of the issues, or in his decision to deny the petition without an evidentiary hearing. We are satisfied that the trial attorney's performance was not deficient, and defendant provided nothing more than bald assertions to the contrary.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3716-19